# CHESHIRE,

## JULY TERM, A. D. 1847.

### HOUGHTON *v.* BURROUGHS.

An award need not recite that the parties were heard by the arbitrators.

In debt on a bond, with condition to perform an award " to be made in writing on or before" a day named, it is sufficient to show that the award was made within the term ; and *it seems* that it is no defence to show that the defendant applied for it to the arbitrators, within the term, and did not obtain it.

An award is shown to have been ready for delivery to the parties, if it was in fact delivered to the prevailing party.

*It seems* the arbitrators are not bound to keep copies of the award for delivery to others than the parties who claim under it, although the condition of the bond requires the award to be ready for delivery.

If a party, entitled to have an award delivered to him on request within a certain term, demand it at sunset on the last day, a delivery at nine o'clock on the same evening is seasonable.

DEBT upon a bond of the defendant, dated August 8, 1845.

Plea *nil debet,* with a brief statement, setting forth that the bond was upon a condition that the defendant should abide by and perform the award of certain arbitrators, to be made in writing, on or before the first day of September, 1845, and that no award was ready to be delivered on or before that day.

Upon the trial, the plaintiff offered in evidence a bond, with a condition, as set forth in the brief statement; and it appeared in evidence that the arbitrators had three sittings for the purpose of considering the matters in difference between the parties, the last of which was on

the 30th day of August, 1845, at which time they made their award in writing, as follows :

" In the case *Lyman Holton,* of Walpole, in the county of Cheshire and State of New-Hampshire, v. *Samuel Burroughs,* of Alstead, in the county and State aforesaid, in the case that the said Samuel Burroughs did, through the agency of his horse kept for the use of mares, injure and damage a certain mare owned and kept by the said Lyman Holton, so much and to such a degree as to cause the death of the said mare, valued at eighty dollars.

The referees in said case, Recompense Hall, of Walpole ; Elijah Holbrook, of Surry ; and George F. Starkweather, of Walpole, all in the county of Cheshire and State of New-Hampshire, having heard the testimony offered in said case, render the following judgment :

That Samuel Burroughs pay Lyman Houghton sixty dollars, as damage for the loss of mare, and twelve dollars and sixty-nine cents as costs, the said Lyman Houghton paying the costs of reference — fifteen dollars.

George F. Starkweather,

Recompense Hall,

Elijah Hall.

Walpole, Aug. 30, 1845."

The award was ready to be delivered to either of them that desired it, at that time, and was then actually delivered to the plaintiff or his attorney.

The defendant was present, and that part which stated what he was to pay was read. He made no objection to it, nor did he request the award, or a copy of it.

The conclusion to which the referees had come had been previously stated to the parties.

About sundown, on the first of September, the defendant, with an attorney, called at the house of one of the arbitrators, and enquired for the award, and the arbitrator informed them that it was left with the plaintiff, but said he would get one for the defendant, if he desired it, to

which the attorney replied, "Why, if you have not got one we can't have it."

About nine o'clock the same evening, the plaintiff's attorney called upon the arbitrator with the award, and they went together to the house of the defendant, called him up, and the arbitrator, upon his opening the door, told him he had brought the award, and offered it to him. The defendant said he did not want it, and, as he shut the door, the arbitrator dropped it in the entry. This was not far from ten o'clock, as the witness believed; it might be eleven.

The parties were both present at all the sittings, and offered evidence.

The defendant objected that it did not appear from the award that the parties had any notice, or were heard, and that there was no award ready to be delivered to the defendant, according to the condition.

A verdict was taken for the plaintiff, by consent, subject to the opinion of the superior court upon the foregoing case.

*F. F. Lane,* for the plaintiff, to the first point, cited *Peters* v. *Pierce,* 8 Mass. 398.

To the point that the award was ready for delivery in season, he cited *Shaw* v. *Dodge,* 5 N. H. Rep. 465; *Rutland Bank* v. *Maine Bank,* 11 Mass. 204.

*Vose,* for the defendant.

GILCHRIST, J. The bond which is the subject of this action was upon a condition that the defendant should abide and perform the award of certain arbitrators, to be made in writing on or before the first day of September, 1845, and two exceptions are taken.

The first is, that it does not appear by the award that the parties had any notice, or were heard. The award recites that the referees, "having heard the testimony offered in said case," &c.; and thus it appears that some

testimony upon one side or both was heard by the referees. But perhaps it is not distinctly stated that both parties were heard; and if the defendant did not have a reasonable opportunity to be heard, a sufficient reason would exist for setting aside the award.

It does not, however, appear to be necessary that an award should recite the various facts and circumstances necessary to give it validity. This has been determined in various cases. *Baker* v. *Hunter*, 16 M. & W. 672; *George* v. *Lousely*, 8 E. 12. It is held sufficient if it can be shown, otherwise than by the recital contained in the award, that the arbitrators had been duly constituted, and had, in making the award, pursued their authority. And these facts are not proved by the recital of them in the award, nor is the award evidence of any thing except that for which the parties or the court from whom it derives its validity and effect, have made it evidence.

The omission of the recital is therefore of no consequence whatever.

The other exception is, that no award was ready to be delivered to the defendant, according to the condition. This does not appear to have been required by the terms of the condition of the bond, as the case is reported. The condition is, that the defendant keep the award which the arbitrators shall make before the first of September, 1845. Nothing more was necessary, therefore, than that the award should have been made within the term appointed. Both parties were bound to take notice of it, and it was not incumbent upon the party seeking to found an action upon it, to give any notice to the other. This is the doctrine of a note to *Hodsden* v. *Harridge*, 2 Saund. 62, a. It may therefore admit of a grave question, whether the condition of the bond required that the award should be ready for delivery to the defendant within the time limited for the making.

Where the condition of the bond requires that the award be made in writing, and ready, within a time limited,

to be delivered to the parties in difference, or to such of them as shall require the same, if the award be actually made on the day, it is then ready to be delivered, and it is not necessary to aver that it was ready to be delivered, because all that is implied in the averment that it was made. Saund. 372, a; note 5, to *Veale* v. *Warner.*

So where the condition, or the terms of the order, required that the award should be " made and published and ready to be delivered to the parties" by a certain day, it was held sufficient that the arbitrators had signed the award, and had so placed it beyond their control, and deprived themselves of the power to change its terms. They were, by such act, *functi officio* with respect to the award, and nothing more was required for the complete fulfilment of the condition of the order. *Brooke* v. *Mitchell,* 6 M. & W. 473.

It is said, however, that if either of the parties do, on the last day, request the arbitrators to deliver the award to him, and they neglect or refuse to do so, the bond is void; and in a case in which the condition of the bond was, that before the day named the arbitrators should have the award made, and ready to be delivered to the parties, or such as should demand it, the defendant having requested the arbitrators to deliver to him the award, which, for want of a stamp, they refused, it was held that the bond was avoided. *Wilson* v. *Wilson,* 1 Saund. 327, b, note 5.

The doctrine of this case, and of the others cited in the note referred to, seems to be, that the defendant may aver and prove any fact that goes to rebut the implication that the award was ready for delivery, which the law raises upon the fact that the award was made and executed according to the bond. If it appears that the award wanted a stamp, it was an incomplete and an ineffectual act. If it appears that either party entitled to the possession of it could not, upon the proper application, obtain it, the condition that it was ready for delivery has failed, and with it the duty

that would have resulted from its performance.  Such is the purport of the comment upon the note in Saunders, in Russell's Arbitrator 208.

The only effect, therefore, of the refusal or neglect of the arbitrators to deliver the award to a party applying before the expiration of the term limited for its completion, is this ; that it disproves the allegation, or the legal inference, that the award was ready for delivery to the party.

But the same instrument cannot be successively delivered to several parties, and the English practice is said to be, to deliver it, generally, to the successful party, as the one who, being entitled to peculiar benefits under it, is entitled to the possession ; and if the other party applies, an unstamped copy is delivered.  Russell's Arbitrator 240.

This rule has an obvious application in cases in which one only of the several parties to the reference is entitled to an action or suit upon the award.  Our own practice is substantially the same.  The arbitrators deliver their award to the parties deriving a title or right of action under it, as to the party entitled, for obvious reasons, to its possession ; and that is all the delivery known to our practice, and all that seems to be required for the ends of justice.

It is not the practice here, or, it would seem, elsewhere, for the arbitrators to make and have ready for delivery as many awards as there are parties to the reference ; at least it is not so unless each party, by the peculiar nature of the award, may derive a title under it.  Nor is it usual in our practice for copies to be prepared for delivery to each party, before the expiration of the term.  It has not been considered necessary to take that precaution against parties, who, seeking to avoid the award, lie by till a late hour, and then make a demand upon the arbitrators for the instrument which they have previously delivered to the other side.

It would be unreasonable to hold that a party could

avoid the effect of an award that he has notice of having been made against him, by calling at the last hour of the term, upon one of the arbitrators, and finding that the original has been delivered to the other side, and that that member of the board is not in possession of any copy ready for delivery.

We think that there had been already a valid execution and delivery of the award to the party entitled, and that the defendant had no right, when he applied to one of the arbitrators, to the possession of the instrument. If he was entitled to a copy, he did not ask for one, and cannot therefore complain that none was delivered when demanded.

Finally, the award was delivered to him within a reasonable time after it was requested. If it was delivered later in the evening than it is usual to transact business, it was because he requested it at so late an hour that an earlier delivery could not reasonably have been made or expected.

We are, therefore, of the opinion that there must be
*Judgment on the verdict.*